## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

**PATRICIA BRITO,** on behalf of Herself
and all others similarly situated,

Civil Action No.

       Plaintiff,

**CLASS ACTION COMPLAINT**

v.

**JURY TRIAL DEMANDED**

**MAJOR ENERGY ELECTRIC
SERVICES, LLC,**

       Defendant.

_____/

### CLASS ACTION COMPLAINT

Patricia Brito, Plaintiff, individually and on behalf of all other similarly situated, sues

Defendant Major Energy Electric Services, LLC ("Major Energy") and alleges as follows:

### INTRODUCTION

1.     This Class Action Complaint seeks to protect consumers and recover actual

damages from Major Energy's uniform and repeated deceptive sales practices that falsely

promises lower electric bills compared to what consumers currently pay their electric provider if

consumers switch to Major Energy. However, after Major Energy switches consumers to its

electric services, Major Energy's electric bills are substantially higher than what consumers

previously paid to their prior electric provider.

2.     Major Energy sells electric to consumers in New York, Pennsylvania, Maryland,

New Jersey, Illinois, Massachusetts, Connecticut, Ohio and Washington DC through a network

of both Major Energy's internal employees and external third-party vendors (collectively

referred to as "sales representatives"). Major Energy's sales representatives, who are paid on a

1

commission basis, use standardized marketing and training materials to carry out door-to-door and telephone solicitations, in-person solicitations at retail establishments, and direct mail and online advertisements in an effort to switch consumers to Major Energy.

3.      Major Energy's sales representatives uniformly represent to potential customers that Major Energy would charge electric rates that are lower than their current provider. However, after Major Energy has switched a consumer over to Major Energy's electric services, it unilaterally and without justification, raises the electric rates charged and Major Energy's customers' electric bills increase unjustifiably to levels above what customers were paying to their prior electric provider.

4.      Thus, Major Energy's sales representatives use aggressive sales tactics with potential consumers, including the knowingly false promise of savings. Consumers are left confused, irritated, and in almost all cases, pay higher electricity rates in violation of the Maryland Consumer Protection Act.

## PARTIES

5.      Patricia Brito is an adult individual person of the State of Maryland, residing in Baltimore County, Maryland. At all pertinent times hereto, she was a "consumer" as defined by Md. Code Ann., Com. Law § 13-101(c)(1).

6.      Major Energy Electric Services, LLC is a New York corporation regularly conducting business as an electricity provider in Maryland.  The company is a "merchant" as defined by MD. CODE ANN., COM. LAW § 13-101(g)(1).

7.      For purposes of this Class Action Complaint, any references to the acts and practices of Major Energy shall mean such acts and practices are by and through the acts of

2

Major Energy's officers, owners, members, directors, employees, representatives and/or other agents.

## JURISDICTION AND VENUE

8.      This is a nationwide class action commenced by Plaintiff on behalf of herself and all others similarly situated members of the Class and Sub-Classes defined below. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(d)(2), because Plaintiff and the vast majority of the members of the Class and Sub-Class are of diverse citizenship from Major Energy and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Upon information and belief, there are more than 1,000 members of the Class and Sub-Classes. This Court also possesses subject matter jurisdiction for Plaintiff's state law claims under 28 U.S.C. §1367.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant is subject to personal jurisdiction in this District.

10.     This Court has personal jurisdiction over Defendant Major Energy because Defendant regularly transacts business in Maryland.

## FACTUAL ALLEGATIONS

11.     Until recently, electricity was supplied and distributed by local utility companies. Over the last several years, however, states have begun to modify the regulations in the energy industry in the hope that such modifications would enhance competition between energy providers.

12.     Major Energy is a private business that purchases electricity on the open market. Major Energy then resells the electricity supply to consumers in New York, Pennsylvania,

Maryland, New Jersey, Illinois, Massachusetts, Connecticut, Ohio and Washington DC using identical unlawful marketing tactics.

13.     Major Energy uniformly charges its customers based on how much electricity (measured in kilowatt hours) the customer uses each month.

14.     In theory, energy deregulation allows consumers to shop around for the best energy rates. However, as Major Energy has demonstrated, the deregulation has also provided energy companies with the opportunity to gouge unsuspecting consumers. Specifically, Major Energy has exploited deregulated electricity markets by using the false promise of electric bill savings in uniform marketing campaigns imposed upon potential customers.

15.     Major Energy has already been sued by the Illinois Attorney General in 2018 for defrauding Illinois consumers by charging $2.4 million more than they would have been charged for electric services had they not switched to from their prior electric provider. That lawsuit settled in August 2019, with Major Energy paying back a large percentage of those marked up electric bill overcharges back to Illinois consumers.[1]

16.     Major Energy has been on notice of its unlawful and deceptive actions since the Illinois Attorney General's 2018 lawsuit, yet, Major Energy knowingly continues to repeatedly and systematically defraud consumers nationwide despite being alerted of its unlawful practices.

17.     Upon information and belief, Major Energy jointly trains both internal employees and external third-party vendors (collectively referred to as "sales representatives") through substantively uniform selling scripts and other standard form marketing materials to lure consumers to switch from their current electric company to Major Energy, with the false promise that they will receive lower competitive rates resulting in savings in their monthly bills. Major Energy's deceptive and inherently dishonest scheme, carried out by its sales representatives,

[1] http://www.illinoisattorneygeneral.gov/pressroom/2019_08/20190819.html

falsely promises consumers energy rates and savings which Major Energy knowingly fails to deliver.

18.     Upon information and belief, Major Energy's sales representatives engage in identical marketing practices nationwide, such as, selling electricity in the form of door-to-door solicitations, in-person solicitations at retail establishments, and telephone solicitations, which said telephone solicitations was just part of an unlawful Telephone Consumer Protection Act violation class action settlement in January 2020, *Albrecht v. Oasis Power LLC d/b/a Oasis Energy*, Case No. 1:18-cv-1061, in the U.S. District Court for the Northern District of Illinois.

19.     Major Energy's sales representatives systematically and routinely make omissions or misrepresentations with the intent that consumer rely on those omissions or misrepresentations in attempting to have consumers switch to Major Energy from their current electric provider.

20.     Major Energy's unlawful and deceptive marketing practices are not limited to its sales representatives. Major Energy's website, majorenergy.com, contains numerous false and deceptive advertisements that intend to deceive a potential consumer into believe that their electric bill will be lower with Major Energy than their current electric provider:



Take the fear out of rising utility rates...

**GET ONE LOW RATE FOR 12 MONTHS!**

Protect Yourself Now

21.     Major Energy's website and sale representatives claim that Major Energy customers will save on their electricity bills, but consumers almost always end up paying more for electricity with Major Energy than their prior provider.

22.     Thus, in reality, after consumers are switched to Major Energy, consumers' energy bills increase dramatically.

**Plaintiff's Experience with Major Energy**

23.     In February 2017 Patricia was residing at an apartment complex at 3018 Fallstaff Manor Court, Apt. B1, Baltimore, Maryland 21209.

24.     In or around February 2017, a Major Energy sales representative was conducting Major Energy's standard form script door-to-door marketing on the premises of her apartment complex, including Plaintiff's unit, in an attempt to get residents of the apartment complex to switch to Major Energy as their energy provider.

25.     When Plaintiff answered her door from Major Energy's sales representative's door-to-door solicitation, Major Energy's sales representative asked Plaintiff if he could see her Baltimore Gas and Electric bill, which is a routine and systematic practice asked to all potential Major Energy customers.  Plaintiff agreed to let him look at it.

26.     Major Energy's sales representative represented to Plaintiff that her electric bill would be lower each month if she switched to Major Energy, which is part of Major Energy's

systematic and uniform fraudulent marketing scheme that is represented to all potential customers.

27.     After the Major Energy sale's representative left Plaintiff's residence, Major Energy switched Plaintiff's electric from Baltimore Gas & Electric to Major Energy.

28.     After the switch to Major Energy, Plaintiff's electric costs were significantly higher than what they were for Baltimore Gas & Electric for the same historical electrical usage that Plaintiff usually utilized. Upon information and belief, Major Energy's upcharge was 3 times higher than Plaintiff's electric bill with Baltimore Gas & Electric for the same historic usage.

29.     Major Energy's fraudulent scheme is not limited to Plaintiff, but includes individuals from every location that Major Energy offers its services.

30.     Reasonable consumers, such as Plaintiff, hearing or reading these statements and other representations of substantively similar nature that are uniformly presented by Major Energy's sales representatives, would believe that switching to Major Energy would be financially beneficial to them and they would enjoy unparalleled electric energy costs.

31.     Each of the representations made orally by, or on behalf of, Major Energy or its sales representatives were consistent with one another and were derived from Major Energy's standard form selling scripts, marketing, and training materials that were distributed to Major Energy's sales representatives.

32.     Major Energy's misrepresentations and omissions caused injury to Plaintiff and the members of the Class because they were unjustifiably induced to believe that they would receive energy costs savings on their monthly bills when, in actuality, Plaintiff and Class members were charged substantially more for their energy needs after Major Energy switched

them to its services from their prior electric provider. Had Plaintiff and Class members known they would be charged substantially more for their electric supplies by Major Energy, they would not have switched and paid Major Energy for electric services.

33.     Plaintiff and members of the Class have sustained economic injury and damages as a result of Major Energy's wrongful conduct by paying higher electric bills.

34.     Upon information and belief, Maryland's Public Service Commission, an organization created to protect the rights of people in regards to energy suppliers has received 60 complaints in related to Major Energy's deceptive sales and business practices described in this Complaint.

## CLASS ACTION ALLEGATIONS

35.     Plaintiff brings this suit as a class action on behalf of themselves and all others similarly situated (the "Class") pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent the following Class and Sub-Classes:

**National Class**:       All persons who are or have been Major Energy customers in New York, Pennsylvania, Maryland, New Jersey, Illinois, Massachusetts, Connecticut, Ohio and Washington DC and any other locations where Major Energy markets its services who used Major Energy as their electricity supplier.

**Maryland Subclass**:  All persons who are or have been Major Energy customers in Maryland who used Major Energy as their electricity supplier.

36.     Excluded from the Class are (a) any Judge or Magistrate presiding over this action and members of their families; (b) Major Energy, and their subsidiaries and affiliates; and (c) all persons who properly execute and file a timely request for exclusion from the Class (the "Class").

37.     Plaintiff reserves the right to re-define the Classes (hereinafter referred to as the "Class" unless otherwise specified) at the conclusion of discovery as to class certification.

38.     The exact number of Class members is unknown as such information is in the exclusive control of Major Energy. Plaintiff, however, believes that the Class encompasses thousands of individuals who are geographically dispersed throughout the nation. Therefore, the number of persons who are members of the Class described above are so numerous that joinder of all members in one action is impracticable.

39.     Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Major Energy complained of herein were generally applicable to the entire Class. These legal and factual questions include, but are not limited to:

a.     The nature, scope and operations of Major Energy's wrongful practices;

b.     The uniformity of the scripts created through Major Energy's marketing and training material;

c.     Whether Major Energy engaged in fraudulent practices as to Class members;

d.     Whether Major Energy's conduct amounts to violations of the Maryland Consumer Protection Act;

e.     Whether Major Energy's conduct amounts to violations of the Maryland Door-to-Door Sales Act;

f.     Whether Major Energy negligently misrepresented the true nature of their energy rates;

g.     Whether Plaintiff and the Class suffered damages as a result of Major Energy's misconduct and, if so, the proper measure of damages.

40.     Plaintiff's claims are typical of the members of the Class because Plaintiff and Class members were injured by the same wrongful practices. Plaintiff's claims arise from the same practices and course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories. Plaintiff has no interests that are contrary to or in conflict with those of the Class they seek to represent.

41.     Questions of law or fact common to Class members predominate. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the Class members' aggregate damages are likely to be in the millions of dollars, the individual damages incurred by each Class member are, as a general matter, too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate individual claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases. Individualized litigation would also present the potential for varying inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials on the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Certification of the Class under Rule 23(b)(3) is proper.

42.     Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper. Major Energy has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under Rule 23(b)(2) proper.

## COUNT I
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
### (On Behalf of the National and Maryland Classes)

43.     Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44.     Plaintiff asserts this claim on behalf of herself and the other members of the National Class and Maryland Sub-Class.

45.     This claim is brought pursuant to Maryland's Consumer Protection Act, Md. Code, Com. Law § 13-101 et seq. ("MCPA").

46.     Under the MCPA, Major Energy's misleading representations regarding electric cost savings and competitive market rates are unfair, deceptive, and unconscionable.

47.     In the course of soliciting and promoting Major Energy's cost savings and competitive market rates to Plaintiff and Class Members and switching Plaintiff and Class Members over to Major Energy from their prior electric provider, Major Energy has engaged in unfair and deceptive acts and practices in trade or commerce in violation of Md. Code, Com. Law § 13-101.

48.     Major Energy violated the MCPA by engaging in fraudulent and deceptive sales marketing and practices by inducing Plaintiff and Class Members directly or through Major Energy's sales representatives to switch from their current electric provider to Major Energy with purportedly low rate offers and claimed energy cost savings, and then charging Plaintiff and Class Members exorbitant non-competitive energy rates.

49.     Major Energy violated the MCPA by falsely representing that Plaintiff and Class members would save money on their energy bills by switching to Major Energy.

50.     Major Energy violated the MCPA by failing to disclose that, on a consistent basis, Major Energy's regular rates are substantially higher than its competitors and not competitive in the market.

51.     Major Energy violated the MCPA by failing to adequately inform Plaintiff and Class Members that Major Energy's energy rates generally increase and will rarely, if ever, be lower than competitive market rates.

52.     Major Energy's acts and practices were false, misleading, deceptive, and unfair to consumers, in violation of the MCPA by representing that Plaintiff and Class members would receive lower electric bills than their current provider if they switched to Major Energy.

53.     Plaintiff and Class Members relied on Major Energy's omissions of material facts and upon misrepresentations delivered through Major Energy's marketing materials. Had Major Energy disclosed to Plaintiff and Class Members in their marketing and sales representative's presentation and materials or otherwise that their energy costs would increase with Major Energy, Plaintiff and Class Members would not have paid for Major Energy electric services.

54.     As a direct and proximate result of Major Energy's deceptive, fraudulent, and unfair practices, Plaintiff and Class Members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

55.     Major Energy is subject to liability under the MCPA and for costs, and attorney's fees under the MCPA.

## COUNT II
### Common Law Fraud, Including Fraudulent Inducement, and Fraudulent Concealment
(On Behalf of the National Class and Maryland Subclass)

56.     Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

57.     Major Energy, either directly or through its sales representatives, failed to disclose material facts and made false and fraudulent representations of material facts to Plaintiff and Class Members regarding purported cost savings benefits of switching energy providers form their previous provider to Major Energy, and concealed material information regarding Major Energy's systematic scheme to unilaterally raise customers' rates to above-market levels once switched over to Major Energy from their previous provider.

58.     At the times Major Energy made or caused to be made these representations and concealed material facts integral to Major Energy's scheme, Plaintiff and Class Members were unaware of the falsity of these representations, and reasonably believed them to be true and had no knowledge of the material facts that Major Energy did not disclose.

59.     In making these representations or causing them to be made or failing to disclose material facts, Major Energy knew they were false and intended that Plaintiff and Class Members would rely upon such misrepresentations and failures to disclose material facts.

60.     Plaintiff and Class members did, in fact, rely upon such misrepresentations and/or Major Energy's failure to disclose all material facts and, as a consequence, became customers of Major Energy.

61.     As a direct and proximate result of Major Energy's deceptive, fraudulent, and unfair practices, Plaintiff and Class Members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

62.     Major Energy is liable for damages and declaratory relief.

**COUNT III**
**NEGLIGENT MISREPRESENTATION**
**(On Behalf of the National Class and Maryland Subclass)**

63.     Plaintiff, on behalf of herself and all others similarly situated, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

64.     Under the circumstances alleged, Major Energy owed a duty to Plaintiff and Class Members to provide them with accurate information regarding, inter alia, the true nature of Major Energy's rates and lack of electric cost savings.

65.     Major Energy, directly and/or through Major Energy's sales representatives, falsely represented to Plaintiff and Class members that by switching energy suppliers to Major Energy, they would enjoy savings with competitive market rates.

66.     Major Energy's representations were false, negligent, and material

67.     Major Energy negligently made these false misrepresentations with the understanding that Plaintiff and Class Members would rely upon them.

68.     Plaintiff and Class members did, in fact, reasonably rely upon Major Energy's misrepresentations and concealment of material facts.

69.     As a direct and proximate result of Major Energy's negligent actions, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

70.     Major Energy is liable for damages and declaratory relief is appropriate.

**JURY TRIAL DEMANDED**

71.     Plaintiff and Class Members hereby demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

72.     WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for judgment to be entered against Major Energy as follows:

a.  Enter an order certifying the proposed Classes, designating Plaintiff as the class representative, and designating the undersigned as Class counsel;

b.  Declare that Major Energy is financially responsible for notifying all Class members;

c.  Declare that Major Energy must disgorge, for the benefit of the Class, the ill-gotten profits it received from marking up its electric rates;

d.  A judgment that Major Energy violated the MCPA;

e.  A judgment that Major Energy committed common law fraud upon Plaintiff and Class Members;

f.  A judgment that Major Energy negligently represented itself to Plaintiff and Class Members;

g.  For economic and compensatory damages on behalf of Plaintiffs and all members of the Class;

h.  For actual damages sustained, as allowed by law;

i.  For injunctive and declaratory relief;

j.  For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action pursuant the MCPA; and

k.  For such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

__/s/_ Jane Santoni_____
Jane Santoni (FBN 05303)
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
Phone: 443-921-8161
Fax: 410-525-5704
jsantoni@svolaw.com

*Attorneys for the Named Plaintiff*
*and the Putative Class*

**VARNELL & WARWICK, P.A.**
Janet R. Varnell (FBN 0071072)
*Pro hac vice* pending
Matthew T. Peterson (FBN 1020720)
*Pro hac vice* pending
jvarnell@varnellandwarwick.com
mpeterson@varnellandwarwick.com
kstroly@varnellandwarwick.com
P.O. Box 1870
Lady Lake, FL 32158
Telephone: (352) 753-8600
Facsimile: (352) 504-3301

## NOTICE OF CLAIM FOR ATTORNEYS' FEES

Pursuant to Maryland Rule 2-703, Plaintiff hereby gives notice that he seeks attorneys' fees in this case.  Plaintiff further states that as the case progresses, these fees could be substantial.

Respectfully submitted,

*/s/ Jane Santoni*

Jane Santoni (FBN 05303)
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
Phone: 443-921-8161
Fax: 410-525-5704
jsantoni@svolaw.com
*Attorneys for the Named Plaintiffs*
*and the Putative Class*

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class Members, demands trial by jury on all issues of fact.

/s/

Jane Santoni

17